IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARCUS LEWIS                                                               PETITIONER

VS.                              CASE NO. 5:13CV00354 DPM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                  RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Marcus Lewis, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Lewis was convicted in 1997 by a Faulkner County jury of first-degree murder and third-degree battery. He was sentenced to 60 years' imprisonment. On direct appeal, Mr. Lewis unsuccessfully contended the trial court erred in allowing certain photographs into evidence and erred in concluding that the probative value of the photographs outweighed their prejudicial effect. *Lewis v. State*, CACR 98-635 (Ark. App. Oct. 6, 1999). The Arkansas Court of Appeals issued its opinion on October 6, 1999, and the mandate issued on October 26, 1999. Mr. Lewis filed a petition for Rule 37 relief, alleging he was denied effective assistance of counsel. Following a hearing, the trial court denied relief in February of 2002. No appeal was perfected of the trial court's ruling. In 2010, Mr. Lewis filed a petition to vacate and/or modify pursuant to Arkansas Civil Procedure Rule 60. The trial court construed the petition as a second Rule 37 effort, and denied relief. On appeal, the Arkansas Supreme Court dismissed the case because it was clear that it was without merit. In 2011, Mr. Lewis filed a petition for writ of habeas corpus in Lee County Circuit Court, alleging a due process violation associated with the denial of counsel, prosecutorial misconduct, and judicial abuse of discretion. The circuit court dismissed the petition. On appeal, the Arkansas Supreme Court affirmed, finding the petitioner failed to show his conviction was invalid on its face or that the trial court lacked jurisdiction.

On November 18, 2013, Mr. Lewis filed his petition for federal habeas corpus relief advancing the following claims for relief:

1. He was denied a fair and impartial trial due to ineffective assistance of counsel at trial and on appeal;

2. There was insufficient evidenced to support his conviction for first-degree murder;

3. Prosecutorial misconduct; and

4. Judicial abuse of discretion.

The respondent contends that the petition should be dismissed as untimely and as procedurally barred. By Order of January 27, 2014, the petitioner was notified of his opportunity to explain why the petition should not be dismissed as either untimely or as procedurally barred. Mr. Lewis has filed a responsive pleading addressing these issues.

**Statute of Limitations:**

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on February 2, 2002, when his Rule 37 petition was no longer pending in state court. Thus, the respondent contends the petitioner should have filed for habeas corpus relief on or before February 1, 2003. The petition was filed on November 18, 2013, more than a decade after the limitations period began to run. Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition.

In his responsive pleading, Mr. Lewis does not dispute that his Rule 37 petition was not successfully appealed, nor does he deny the dates submitted by the respondent. However, he appears to contend that the limitations period was tolled for two reasons: one, because the Rule 37 petition remained pending; and two, because his attorney died while in the midst of performing his duties in the Rule 37 proceedings. The petitioner also cites *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) as a possible reason for failing to comply with the limitations requirements. We will first consider whether the petition complied with the statute of limitations.

The petition was not timely filed. Mr. Lewis was tried by a jury in 1997, his convictions were affirmed on appeal in 1999, and his Rule 37 petition was denied by the trial court in February of 2002. Since no appeal was taken of the Rule 37 denial, Mr. Lewis could have filed a timely federal habeas corpus petition prior to February of 2003.

Failing to file a timely petition is not the end of the discussion if the petitioner can demonstrate that the limitations period was tolled for some reason. He first urges the limitations period was tolled because the Rule 37 petition remained pending for years. This allegation is without merit. After the trial court denied relief and no appeal was perfected, the Rule 37 proceeding was concluded. Under the statute, the limitations period began to run in February of 2002 and ran without interruption since there was no "properly filed" Rule 37 proceeding after that time. 28 U.S.C. §2244(2).

The petitioner next contends that his Rule 37 attorney died in the midst of the proceedings and this constituted an impediment beyond his control that kept him from pursuing his Rule 37

4

relief. Mr. Lewis does not offer specifics on the death of his attorney beyond identifying him as William McArthur. He also does not indicate what efforts, if any, he took to obtain substitute counsel. Finally, he does not state when his attorney died. The petitioner bears the burden of demonstrating a cause for the equitable tolling, and general allegations fail to carry this burden.[1] The claim that his attorney's death should toll the limitations period is without merit.

Mr. Lewis also cites *Martinez v. Ryan, supra,* as a possible reason for equitable tolling. The *Martinez* case, however, has no relevance in a discussion of the limitations period. Rather, any relevance of that case would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").

In summary, the petition for writ of habeas corpus was filed with this Court more than a decade after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. As a result, we recommend the petition be dismissed as untimely.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __7__ day of March, 2014.

UNITED STATES MAGISTRATE JUDGE

---

[1] A local funeral home lists the date of death for Mr. McArthur as October 4, 2009, long after the February 2002 trial court ruling on the Rule 37 petition of Mr. Lewis. http://www.ruebelfuneralhome.com/obituaryindividual.php?id=702.

[2] We need not, and do not, consider the procedural default argument under the circumstance in this case, where the limitations period has long since expired.